12-2624-cr
United States v. Mazella

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 4th day of June, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*
            RICHARD W. GOLDBERG[*]
                    *Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                    12-2624-cr

JOSEPH MAZELLA,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:        Ephraim Savitt, Law Office of Ephraim Savitt, New York, NY.

Appearing for Appellees:        John Nowak, Assistant United States Attorney for the Eastern District of New York (Emily E. Berger, Assistant United States Attorney, Loretta E. Lynch, United States Attorney, *on the brief*) Brooklyn, NY.

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Joseph Mazella appeals from the judgment of conviction entered on June 21, 2012 to challenge the district court's order denying his pretrial motion to suppress evidence and request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The district court found that Mazella had not demonstrated that the government deliberately or recklessly omitted facts from the affidavit in support of the warrant and that nonetheless, the warrant had alleged sufficient evidence for probable cause. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"It is well-established that a defendant seeking to suppress evidence that was gathered pursuant to a search warrant that was based on inaccurate representations by the Government must show (1) that the inaccuracies were the product of a Government agent's 'deliberate falsehood' or 'reckless disregard for the truth' rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause." *United States v. Coreas*, 419 F.3d 151, 155 (2d Cir. 2005) (quoting *Franks*, 438 U.S. at 171-72). In order to obtain a hearing, a defendant must make a "substantial preliminary showing" of these two elements. *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (quoting *Franks*, 438 U.S. at 155) (internal quotation marks omitted). We review for clear error a district court's determination of whether officers acted deliberately or recklessly and we review de novo whether the untainted portions of a warrant application demonstrate probable cause. *See United States v. Awadallah*, 349 F.3d 42, 65 (2d Cir. 2003).

In this case, *Franks* is clearly inapplicable. Mazella unsuccessfully argues that Witness #1's prior conviction for possession of stolen mail under 18 U.S.C. § 1708 was deliberately or recklessly omitted from the affidavit. The affidavit does not state that Witness #1 had no criminal record. Instead, it appears the government only neglected to include the conviction from sixteen years ago. Where there is "no evidence whatsoever of intentional falsehood" we conclude the first prong is satisfied. *See United States v. Coreas*, 419 F.3d 151, 154-55 (2d Cir. 2005). Although the government acknowledges the prior criminal act should have been included given that crimes of fraud pertain to credibility, here defendant shows no more than an omission by oversight or mistake, which is not enough to satisfy *Franks*. *See United States v. Levasseur*, 816 F.2d 37, 43-44 (2d Cir. 1987) (stating a failure to outline a full criminal history including psychiatric problems did not require a hearing where there was no evidence of deliberate or reckless disregard).

Mazella also argues substantial other information was omitted or otherwise "skewed" in the affidavit such as,"mischaracterizations" of the funds as loans. However, the government points out the affidavit described Mazella's funds as investments and not simply loans. Appellant also claims the affidavit incorrectly described the investment properties as abandoned or in disrepair, but concedes that one of the properties "no longer had the traffic or tenancy it had

2

in better economic times." Even assuming the affidavit's statements are slightly exaggerated this Court has found "[e]very statement in a warrant affidavit does not have to be true." *United States v. Trzaska*, 111 F.3d 1019, 1027 (2d Cir. 1997).

When analyzing the second prong, a court looks at what is left to support the search. If after setting aside the allegedly misleading statements or omissions, and "assess[ing] the information by examining the totality of the circumstances," *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (internal citations and quotation marks omitted), the court determines that "there remains a residue of independent and lawful information sufficient to support probable cause," *United States v. Ferguson*, 758 F.2d 843, 849 (2d Cir. 1985), then the defendant is not entitled to a *Franks* hearing.

Even if Witness #1's criminal history from sixteen years ago was included in the affidavit, there would still be sufficient evidence to support probable cause. Appellant argues the investors' statements were not reliable because their identities and the number of investors were omitted from the affidavit. We disagree. Anonymity does not destroy the veracity of an affidavit, especially where the sources were known and only the names and numbers of investors were withheld. *See United States v. Smith*, 9 F.3d 1007, 1013 (2d. Cir. 1993) (finding "it is certainly not fatal" when the affidavit is based on statements which the Agent "did not personally witness"); *Illinois v. Gates*, 462 U.S. 213, 243-46 (1983) (finding anonymous letter, coupled with confirming surveillance, provided adequate basis for probable cause determination). Finally, the information about the properties was based on the Special Agent's first-hand observations. In light of all these facts, we affirm the district court's decision. *See Franks*, 438 U.S. at 171.

Regardless, Mazella gives no explanation as to why the information gleaned from the bank records, without more, did not suffice for probable cause. *See Locke v. United States*, 11 (7 Cranch) U.S. 339, 348 (1813) ("the term 'probable cause,' according to its usual acceptation, means less than evidence which would justify condemnation" and instead means enough to raise "suspicion"). Mazella admits the accounts have "generally . . . decreased over time" and that a "number of checks drawn" have bounced. Mazella also concedes the bank statements correctly showed an investor paid $72,000 "in connection with a real estate investment" and none of that payment was used for investment purposes but instead was given to existing investors and Mazella and his family. This evidence alone gave enough reason for "suspicion." We agree with the district court's conclusion that there was a substantial basis for the issuing judge to find probable cause.

We have considered Mazella's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3